<hr />

## C. W. MOORE, APPELLANT, *v.* C. S. MILLER, RESPONDENT.

INSTRUCTIONS—BURDEN OF PROOF.—Where A. gives a promissory note to B. as collateral security for the payment of the note of C., in consideration of an extension of time, with the understanding that it is not to be paid unless C. fails to pay his note at the expiration of the time to which the payment thereof was extended, it is not error in an action to recover on such note to instruct that it rests with the plaintiff to prove that both notes were due and unpaid.

APPEAL from Wasco County. The facts are stated in the opinion.

*B. Whitten, W. W. Thayer* and *E. C. Bronaugh,* for appellant:

The allegations of defendant in his answer as to the want of consideration of the Miller note, the indorsement and payment of the Minear note are affirmative pleas, and it rests with defendant to prove them as such affirmative allegations. (*Coles* v. *Soulsby*, 21 Cal. 47; *Gillchrist* v. *Stevenson*, 9 Barb. 9; Gould's Pleadings, 156, secs. 195–67; 1 Green on Evidence, p. 103, sec. 74; *Blanchard* v. *Young*, 11 Cush. 345; *Hallister* v. *Bender*, 1 Hill, 150; *Gray* v. *Gardner et al.*, 17 Mass. 188; *McGregory* v. *Prescott*, 5 Cush. 76.)

*Hill, Durham and Thompson, and W. H. Effinger,* for respondent:

This case was before the supreme court at the last term, when the court used this language with respect to the note sued on and the writings connected therewith: "The writings * * * mean simply that Miller, in consideration of forbearance to Minear, promised to pay, not Minear's note, but a certain definite sum of money at a certain time, with a condition, however, that if Minear's note should be paid before the day fixed, then this promise should be void." (*Moore* v. *Miller*, 6 Or. 254.)

The question before the court at that time was whether Miller should be treated merely as an indorser of the Minear note, and with that question in view the court used the language quoted. But the question now presented is quite different, and was not then before the court; and the decision then made does not touch the question involved in this appeal, except in so far as it declares the note to be a conditional promise. The court distinctly declared this promise to be not an absolute but a conditional obligation. The correctness of that proposition is beyond dispute, the letters and the note, which together form the contract, being incapable of any other construction.

This being a conditional promise to pay, the plaintiff, if —we say with due submission—he had any cause of action at all to be pleaded, was absolutely obliged to declare upon the facts as they were, and was therefore bound to allege the making of the Miller note—the condition upon which it could have been avoided—and then the non-performance of

that condition. Just as much was he so obliged as in declaring upon a simple promissory note he would be compelled to allege that payment had not been made. (*Lower* v. *Winters*, 7 Cow. 263; *Stanwood* v. *Scovel*, 4 Pick. 422; *Whitaker* v. *Smith*, Id. 83.)

Under these authorities there was a fatal variance between the complaint and the evidence, and the defendant was entitled to a judgment for his costs; so the plaintiff can not claim to have suffered by the instruction. But the court, upon the authority, we suppose, of *Wait* v. *Morris*, 6 Wend. 394, which is the only case in the books where such a decision has been made, allowed the replication to be considered as curing the defect in the complaint, and submitted the case to the jury as if the action had been brought, as it should have been, upon the conditional contract, instead of the absolute note. To allow the case to go to the jury at all, under this state of the pleadings, was a favor to the plaintiff to which he was not entitled under the authorities, as we have shown above.

So the plaintiff, instead of proving his cause of action, as alleged in the complaint, upon an absolute note, introduced all the evidence to prove the conditional contract, and the instruction complained of simply followed the line of the plaintiff in producing his evidence. The court, allowing plaintiff the benefit of a change of base from the absolute cause of action alleged in the complaint to the conditional one attempted to be proved on the trial, instructed the jury that before plaintiff could recover on the conditional contract, he must show the condition to have been broken.

By the Court, PRIM, J.:

This is an action upon a promissory note for four thousand one hundred and eighty-six dollars and sixty-seven cents, executed and delivered on the fourth day of August, 1874, payable to the order of the cashier of the First National Bank of Idaho, and due in sixty days from date. The complaint is in the usual form.

The answer denies that the cashier of the First National

Bank assigned and transferred said note to appellant, or that he is the owner and holder thereof; or that there is anything due and owing to him thereon as alleged. It admits the execution of the note, but claims that it was intended as indorsement of the note of one A. P. Minear, which was then due in said bank, and for a like amount.

That the only consideration was an extension of time for sixty days to the said Minear, on his note in said bank. It claims that respondent is exempt from any liability to pay said note on account of a want of demand and notice.

That the liability of respondent was only a contingent and conditional one, to happen only on the failure of the said A. P. Minear to pay his note at the expiration of the sixty days.

And it is further alleged that the said Minear had long prior thereto paid off his said note, which fully discharged respondent from any liability to pay said note to appellant. The replication fully denies all the new and affirmative matter set up in the answer.

These issues of fact having been submitted to a jury, a verdict was found for respondent, and judgment rendered thereon against appellant for costs and disbursements, from which this appeal is taken.

The bill of exceptions develops substantially the following facts: Minear executed a promissory note, payable to the cashier of the First National Bank of Idaho, for four thousand dollars, bearing interest at two per cent. per month, which was due August 4, 1874. About this time this Minear note became due, an extension of time was sought, and respondent was requested by letter from the cashier of the bank to indorse it, which he consented to do. The note upon which this action is based, was then indorsed in blank in a letter by the cashier of said bank, and sent to respondent, with the following proposition: "If you will sign and return the note (the one sued on) I will grant the time asked for, and deliver up both notes when either is paid." (Referring to the Minear note, and the one given to secure the extension of time).

Respondent signed the note, and returned it to said

cashier, stating that he gave it with the understanding in the above letter; that is, should A. P. Minear pay his note, this note to be returned to respondent, and in the event respondent should pay the Minear note, or the one sued on, both to be returned to him. There was evidence tending to show that appellant, at the time of this correspondence, was cashier and stockholder in said bank, but that he had since sold his stock therein, and received in settlement with the bank as a part of his share of the assets thereof, the Minear note, and the one sued on—both representing, in fact, but one debt. The note sued on was regularly indorsed by the payee, and the Minear note delivered for a valuable consideration along with it, but was not indorsed.

Appellant also introduced in evidence the note sued on and a note for four thousand dollars, signed jointly by A. P. and J. W. Minear, which he swore was the note referred to as the Minear note, and that nothing had been paid on either of them, except nine hundred and sixty dollars, which had been credited on the Minear note, but not on the note sued on.

Respondent also having been introduced as a witness in his own behalf, swore that he knew nothing of the note having been signed jointly by J. W. Minear, as well as A. P. Minear. Also, that he believed that the Minear note had been paid off by him, but admitted that he had not paid anything on either of said notes.

At the trial of this cause the court instructed the jury as follows:

"The supreme court, in my judgment, declared the Miller note to be a conditional contract, and therefore I charge you that it rests with the plaintiff to prove that the Miller and Minear notes are both due and unpaid." To which appellant, by his counsel, then and there duly excepted, and assigns here as error.

Under the pleadings and the peculiar state of the facts developed in this case at the time, we think this instruction was not erroneous. While the note upon which this action was based is absolute upon its face, yet the question as to whether it was due and unpaid depended upon the fact as

to whether the Minear note had been paid to the appellant, which was a matter resting peculiarly within his knowledge, and which respondent could not be presumed to know.

It having been admitted by appellant at the trial that it was the understanding between him and respondent at the time of the execution of this note that it was not to be paid unless A. P. Minear should fail to pay his note at the expiration of the time to which payment thereof had been extended, we think it devolved upon him to produce the Minear note in order to show whether it had been paid. This was necessary for the reason that upon the non-payment of that note depended the liability of respondent to pay this note. The production of this note was sufficient to create a presumption of non-payment, and make out a *prima facie* case in his behalf which entitled him to recover, unless respondent could produce affirmative proof of payment. And it further appears from the evidence reported in the bill of exceptions that appellant not only produced both of those notes, but swore that nothing had been paid upon either of them except nine hundred and sixty dollars, which had been paid by Minear and credited upon his notes, but not upon the note of respondent. Upon the production of these notes a question arose as to the identity of the Minear note on account of it appearing to be the joint note of A. P. and J. W. Minear, instead of the separate note of A. P. Minear. And the question as to whether this was the note referred to by the parties as the Minear note, and the further question as to whether it had been paid by Minear having been submitted to the jury, they may have found for respondent upon either of these questions.

There being no error in this record, the judgment is affirmed.